# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CRIMINAL ACTION 11-00168-KD |
| | ) |
| OSCAR ROCHA RAMIREZ, | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on the Defendant Oscar Rocha Ramirez's Motion to Dismiss (Doc. 25) and the United States' Response (Doc. 28). Upon consideration, and for the reasons stated herein, the motion is **DENIED**.

**I.  Factual Background**

On June 21, 2011, Ramirez was arrested on a federal criminal complaint. (Doc. 1). That same day, the United States filed, and Magistrate Judge William E. Cassady granted, a motion to detain Ramirez pending a detention hearing. (Docs. 5, 6). On June 22, 2011, a federal grand jury returned an indictment charging Ramirez with one count each of conspiracy to possess with intent to distribute more than five kilograms of cocaine, possession with intent to distribute approximately 250 grams of cocaine, and being a convicted felon in knowing possession of a firearm. (Doc. 9).

On June 28, 2011, after conducting a detention hearing, Judge Cassady ordered Ramirez to be "committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, for persons awaiting or serving sentences or held in custody pending appeal." (Doc. 13). Accordingly, Ramirez was

1

housed at the Baldwin County Jail in Bay Minette, Alabama, pursuant to a contract that the federal government has with Baldwin County to board federal pretrial detainees.

At the time of his arrest, indictment, and detention, Ramirez was serving a five-year term of probation, which was a consequence of his December 2006 conviction in Baldwin County Circuit Court for trafficking cocaine. (Doc. 28-1). On June 22, 2011, upon learning of the federal indictment, Baldwin County immediately set in motion revocation proceedings. A probation revocation hearing was held on July 20, 2011 before Judge Charles C. Partin of the Baldwin County Circuit Court. (Doc. 28-3). Following the hearing, Judge Partin found that, based on the existence of the federal indictment, Ramirez had violated the terms of his state probation. (Id.). Ramirez's probation was revoked, and, on August 15, 2011, Ramirez was transferred from the Baldwin County Jail to Kilby State Prison in Mt. Meigs, Alabama. (Doc. 28-4).

As a federal contractor housing a federal pretrial detainee, the Baldwin County Jail should not have transferred Ramirez to a state facility without authorization from the U.S. Marshal. The U.S. Marshal discovered the Jail's error on the morning of August 25, 2011, when the Marshal was unable to produce Ramirez for a suppression hearing scheduled for that day before the undersigned District Judge. The Court reset the hearing for a later date. (Doc. 21). Having been made aware of Ramirez's whereabouts, the U.S. Marshal immediately rectified the Jail's mistake and had Ramirez transported back to Baldwin County in time for jury selection on August 29, 2011. (Doc. 27).

## II. Analysis

From this set of unusual facts, Ramirez claims that his transfer from federal detention at the Baldwin County Jail to Kilby State Prison violated the so-called "anti-shuttling" provision in

the Interstate Agreement on Detainers ("IADA"), an interstate compact between the federal government, 48 states, and the District of Columbia that seeks to encourage the expeditious and orderly disposition of charges outstanding against a prisoner brought in a jurisdiction other than that in which the prisoner is incarcerated.  See 18 U.S.C. app. 2 § 2, art. I (2006) (setting forth purposes of the IADA and findings by the party states).  Citing Article IV(e) of the IADA, Ramirez argues that this Court should dismiss the pending federal indictment with prejudice. (Doc. 25).  Article IV(e) states:

> If trial is not had on any indictment, information, or complaint contemplated hereby prior to the prisoner's being returned to the original place of imprisonment pursuant to article V(e) hereof,[1] such indictment, information, or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice.

18 U.S.C. app. 2 § 2, art. IV(e).

Ramirez is not entitled to any relief under the IADA for at least two reasons.  First, the IADA did not apply to Ramirez while he was held at the Baldwin County Jail because, at that time, he was a pretrial detainee, not an incarcerated prisoner serving a term of imprisonment. See id. § 2, art. IV(a) (provisions of IADA apply to "a prisoner . . . who is serving a term of imprisonment in any party State"); United States v. Tummolo, 822 F. Supp. 1561, 1563 n.2 (S.D. Fla. 1993) ("The IADA does not apply to pretrial detainees." (citing United States v. Fulford, 825 F.2d 3, 11 (3d Cir. 1987)); see also United States v. Figueroa, No. 04-CR-6106, 2005 WL 351935, at *4-5 (W.D.N.Y. Feb. 11, 2005) ("[I]t is well settled that the IAD[A] does not apply to pretrial detainees; it only applies to sentenced prisoners.").  Second, even assuming that

---

[1]  Article V(e) of the IADA simply requires a prisoner to be returned to the "sending State" at "the earliest practicable time consonant with the purposes of [the IADA]."  18 U.S.C. app. 2 § 2, art. V(e) (2006).  "Sending State" is defined as "a State in which a prisoner is incarcerated at the time that he initiates a request for final disposition" of a criminal matter in another state.  Id. § 2, art. II(b).  The United States is a "State" as defined by the IADA and can be either a "sending State" or "receiving State."  Id. § 2, art. II(a); id. § 9.

3

Ramirez's physical transfer from the state facility in Baldwin County that was housing him in anticipation of his federal trial to the Kilby State Prison resulted in temporary and unauthorized release from federal custody, Ramirez's "original place of imprisonment" for IADA purposes was Kilby State Prison, not the contract facility where he was being held over for trial. Ramirez has not been returned to Kilby State Prison since being transferred back to federal custody and the Baldwin County Jail. Accordingly, the Court finds that neither the August 15, 2011 transfer from Baldwin County Jail to Kilby State Prison nor the post-August 25, 2011 transfer from Kilby State Prison back to the Baldwin County Jail violated the IADA such that dismissal would be warranted.

**III. Conclusion**

In accordance with the foregoing, Defendant Oscar Rocha Ramirez's Motion to Dismiss (Doc. 25) is **DENIED**.

**DONE** and **ORDERED** this the **2nd** day of **September 2011.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**